No. 25,188.

Ross Scoby, *Appellee,* v. George E. Witham, The Bird City State Bank, et al., *Appellants.*

SYLLABUS BY THE COURT.

Action Against Bank—*Refusal to Pay Check—No Reversible Error in Record.* Various assignments of error in an action to compel payment of a check drawn by a cattle buyer on a bank in plaintiff's favor, held not to be well founded.

Appeal from Cheyenne district court; Willard Simmons, judge. Opinion filed April 5, 1924. Affirmed.

*C. A. P. Falconer,* of Atwood, and *E. E. Kite,* of St. Francis, for the appellants.

*J. L. Finley,* of St. Francis, and *W. S. Langmade,* of Oberlin, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to compel payment of a check drawn on the defendant bank in favor of the plaintiff by George E. Witham, a cattle buyer. The same controversy has heretofore been given full consideration by this court. (*Scoby v. Bank,* 112 Kan. 135, 211 Pac. 110.) The case was reversed and remanded for a new trial because of the admission of incompetent and prejudicial testimony. In reversing it the court said:

"In the new trial granted, only two questions will need attention. First, if the evidence shows that the proceeds of the sale of plaintiff's cattle were included in the $3,500 paid by the Woods-Egan Commission Company, and if the defendant bank was so informed before it devoted that money to the payment of Witham's overdrafts or otherwise disposed of it, defendant is

liable. Second, if the evidence shows that during the summer and autumn of 1918 there was an arrangement or understanding between Witham and the bank that he was to draw checks on the bank to pay for cattle purchased by him and that he was to deposit sight drafts with the bank drawn on the commission company for cattle shipments, and that the bank would honor and pay such checks regardless of the state of Witham's account, the defendant is liable. If plaintiff can establish either of these propositions to a jury's satisfaction, he is entitled to judgment; otherwise defendant is entitled to judgment." (p. 140.)

The jury on retrial returned a general verdict in favor of the plaintiff for $2,479.47. It also returned answers to special questions as follows:

"1. Did George E. Witham deposit $3,500 sight draft on Woods-Egan Live Stock Commission Company, to his account in the Bird City State Bank, October 5th, 1918? A. Yes.

"2. If you answer 'Yes' to above question, were the proceeds of plaintiff's cattle included in whole or in part in the $3,500 paid by Woods-Egan Live Stock Commission Company, so deposited? Yes.

"3. If you answer 'yes' to questions 1 and 2, did the bank devote or use that money to the payment of Witham's overdraft or dispose of it otherwise than paying plaintiff's check? Yes.

"4. When C. W. Trickett, on the morning of Oct. 5, 1923, saw the deposit slip of $3,500 for draft drawn on Woods-Egan Live Stock Commission Company, by George E. Witham, and credited to his account, did he have an understanding, or reason to believe that such draft was drawn against a shipment of cattle by Witham to said Woods-Egan Live Stock Commission Company, for which checks drawn on the Bird City State Bank had been issued by Witham in payment for the cattle which checks had not yet come into the bank for payment? Yes.

"5. Did Geo. E. Witham draw a sight draft on Woods-Egan Live Stock Commission Company of Kansas City, Missouri, on or about Oct. 10, 1918, against the shipment of cattle of Witham, for the sum of $300 and deposit the same in the Bird City State Bank to be credited to his account? Yes.

"6. Was there an arrangement or understanding between Witham and the defendant bank that Witham was to draw checks on the bank to pay for cattle purchased by him and that he was to deposit sight drafts with the bank drawn on the said Commission Company for cattle shipments, and that the bank would honor and pay such checks regardless of the state of Witham's account? Yes.

"7. Did plaintiff or his attorneys receive any amount from Woods-Egan Live Stock Commission Company as a credit on plaintiff's claim? Yes.

"8. If you answer 'Yes' to the above question, what was such amount? $841.05."

The defendant complains of various alleged errors committed by the trial court; of refusal to require the plaintiff to separately state

and number his causes of action; error in admission and rejection of testimony; in overruling demurrer to plaintiff's evidence; in instructing the jury; in submitting special questions and in refusing to submit others; in refusal to render judgment for the defendant and overruling defendant's motion for new trial.

We have examined the various complaints but find no error which would warrant a reversal of the judgment. It would serve no useful purpose to here analyze or detail the evidence. It was amply sufficient to support the finding of the jury that the proceeds of plaintiff's cattle were included in the sight drafts paid by the Woods-Egan Commission Company; that such amounts were part of the proceeds of the sale of plaintiff's cattle; that the defendant bank knew, or had reason to believe, that the $3,500 sight draft was drawn against the shipment of cattle by Witham to the commission company; it was ample to sustain the finding that there was an arrangement or understanding between Witham and defendant bank that he was to draw checks on the bank to pay for cattle purchased by him and deposit sight drafts with the bank drawn on the commission company for shipments of cattle. (See *Bank v. Bank,* 113 Kan. 352.)

Plaintiff presents a cross appeal because the trial court changed the answer in question No. 8 from $841.05 to $1,069.95, thereby reducing the amount of the verdict. The testimony on behalf of the Woods-Egan Commission Company was that in the garnishment proceedings filed against it in Kansas City by the plaintiff, it paid plaintiff's attorneys $1,069.95. The trial court was undoubtedly convinced that this sum was paid in the garnishment proceedings to plaintiff's attorneys on plaintiff's account. Under such circumstances, plaintiff should not recover from the defendant bank any part of the $1,069.95 paid to his attorneys.

The judgment is affirmed.